IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WYATT COPPERNOLL,

    Plaintiff,

v.

HAMCOR, INC.,

    Defendant.

No. C 16-05936 WHA

**ORDER DENYING MOTION TO STAY ACTION AND COMPEL ARBITRATION**

## INTRODUCTION

In this putative wage-and-hour class action, defendant moves to compel arbitration and stay the action. For the reasons stated below, defendant's motion is **DENIED**.

## STATEMENT

Both parties agree as to the relevant facts. In December 2015, plaintiff Wyatt Coppernoll applied for employment with defendant Hamcor, Inc. The application agreement contained an arbitration section that required arbitration of all disputes arising out of the employment context, including all relationships or connections developed while seeking employment and being employed by the company, or through any other association with the company. The agreement included the following language (Dkt. No. 11-1 Exh. B):

> In order to provide for the efficient and timely adjudication of claims, the arbitrator is prohibited from consolidating the claims of others into one proceeding. This means that an arbitrator will hear only my individual claims and does not have the authority to fashion a proceeding as a class or collective action or to award

> relief to a group of employees in one proceeding. Thus, the Company has the right to defeat any attempt by me to file or join other employees in a class, collective or joint action lawsuit or arbitration (collectively "class claims").

Hamcor subsequently hired Coppernoll and required him to sign a separate arbitration agreement mirroring the arbitration section in the application agreement (*Id.* Exh. A).

Coppernoll filed this putative wage-and-hour class action on October 13, 2016, asserting claims under the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code. Hamcor responded with this motion to stay the action and compel arbitration. Subsequently, Coppernoll filed a Private Attorneys General Act class action in California state court.

**ANALYSIS**

Coppernoll asserts that the arbitration agreement is unenforceable because it violates Section 7 of the National Labor Relations Act, 29 U.S.C. 151 *et seq.*, which authorizes employees to engage in concerted activity for the purpose of mutual aid or protection.

Our court of appeals, in *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), held the right to engage in concerted activity under Section 7 is the essential substantive right established by the NLRA. Employment agreements circumvent this statutory right if they require all legal claims to be brought in "separate proceedings" — such "concerted action waivers" were held unenforceable. *Id.* at 979–80. There, as a condition of employment, employees had to sign a dispute-resolution agreement that required them to bring all claims against their employer exclusively through binding arbitration, and only as individuals in separate proceedings. Because all legal claims had to be arbitrated and arbitration could only be conducted individually, this was an unenforceable concerted action waiver.

The arbitration agreement here similarly obligates employees to pursue all work-related claims through binding arbitration and only as individuals. Hamcor does not contend otherwise. Thus, under the law of our circuit, Hamcor's arbitration agreement is unenforceable because it contains a concerted action waiver.

Hamcor nonetheless contends "this Court must follow the U.S. Supreme Court on this issue and ignore the *Morris* decision as wrongly decided" (Dkt. No. 21).

2

It seems astonishing that any litigant might insist that the law as handed down by our court of appeals should be ignored — worse yet, even violated. The day may come (or not come) when the Supreme Court goes against the law in our circuit but until then we must respect the holdings of our court of appeals. As an alternative, Hamcor suggests continuing this motion until the Supreme Court reviews the *Morris* decision. Although the Supreme Court granted review of the *Morris* decision after oral argument concluded on this motion, it will be many months before a decision is handed down and the law in our circuit remains clear unless the Supreme Court overturns it. In the meantime, little prejudice will flow from proceeding with limited discovery as it will aid both this action and any eventual arbitration.

For the time being, however, discovery should concentrate on facts and circumstances applicable to our individual plaintiff and not veer off into discovery pertaining chiefly to class issues. That being said, the mere fact that allowable discovery may bear somewhat on class issues should *not* be a basis for refusing discovery. On the other hand, our plaintiff must not overreach and seek discovery not chiefly related to his individual case.

**CONCLUSION**

For the reasons stated above, Hamcor's motion to stay the action and to compel arbitration is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE