IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WYATT COPPERNOLL,

    Plaintiff,

v.

HAMCOR, INC.,

    Defendant.

No. C 16-05936 WHA

**ORDER GRANTING MOTION FOR EQUITABLE TOLLING**

## INTRODUCTION

In this putative wage-and-hour class action, plaintiff moves for equitable tolling of his putative Fair Labor Standards Act collective claims that were stayed by a previous order. For the reasons stated below, plaintiff's motion is **GRANTED**.

## STATEMENT

In October 2016, Plaintiff Wyatt Coppernoll filed this putative wage-and-hour class action asserting claims under the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code.

Defendant Hamcor, Inc., moved to stay the action and compel arbitration pursuant to the arbitration sections of Coppernoll's job application agreement and employment agreement with Hamcor. A January 2017 order denied that motion, finding both parties agreed the arbitration terms were unenforceable under *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), and the fact that our Supreme Court granted a writ of certiorari did not change the law of our court of

1 appeals for the time being (Dkt. No. 41). The order limited the parties, however, to individual
2 discovery as to Coppernoll's claims, rather than the putative class, pending the upcoming
3 review of *Morris*.

In February 2017, the parties stipulated request to stay all class and collective claims in the action was granted. The order staying the claims required the parties to update the undersigned on *Morris* by August 16, or when briefing was completed, whichever came sooner.

Coppernoll now requests equitable tolling of the FLSA claims as of the order staying class discovery, January 12, 2017, and until the stay is lifted (Dkt. No. 56 at 2). Such an order would preserve claims of putative class members whose claims would otherwise be extinguished by the FLSA statute of limitations while the stay is in place.

This order follows full briefing and oral argument.

**ANALYSIS**

For purposes of calculating the timeliness of a FLSA claim, the statute of limitations is tolled for each putative class member *individually* upon filing a written consent to become a party plaintiff. 29 U.S.C. 256(b). This opt-in standard differs from the opt-out standard in a Rule 23 class action, where the statute of limitations is tolled for *all* putative class members when the complaint is filed. Thus, without equitable tolling, the statute of limitations on a putative class member's FLSA claim continues to run in the time between the filing of the collective action complaint and the filing of their written consent opting-in. *See* 29 U.S.C. 256; *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. Feb. 19, 2008) (Judge Thomas Vanaskie).

The legal issue presented is whether a court-issued stay pending our Supreme Court's review of controlling precedent justifies equitably tolling the statute of limitations on FLSA collective action claims. Our court of appeals has not addressed the issue squarely, but it has provided guidance on equitably tolling FLSA claims generally.[*]

---

[*] As noted in a previous order, both parties agree that *Morris* is controlling here (Dkt. No. 32). Neither that order, nor this one, rules on the merits of that issue.

2

The FLSA statute of limitations is a procedural limitation that may be tolled when equity warrants. *See Partlow v. Jewish Orphan's Home of Southern California, Inc.*, 645 F.2d 757, 761 (9th Cir. 1981) (abrogated on other grounds). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control ma[ke] it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

Coppernoll does not make this motion under the first standard, expressly disclaiming making this motion based on wrongful conduct by Hamcor (Dkt. No. 56 at 2). Coppernoll does not outright acknowledge the second standard — that an extraordinary circumstance beyond putative plaintiffs' control prevents them from making a timely claim. Rather, he bases this motion on the stay of FLSA proceedings in this action pending our Supreme Court's disposition of *Morris* and provides similar district court decisions that equitably tolled FLSA claims pending California Supreme Court review of relevant decisions. *See Castle v. Wells Fargo Financial, Inc.*, 2007 WL 1105118, at *2 (N.D. Cal. Apr. 10, 2007) (Judge Susan Illston); and *Lew v. Countrywide Financial Corp.*, 2009 WL 1384975, at *3 (N.D. Cal. Feb. 24, 2009) (Judge Samuel Conti).

Our court of appeals, however, has provided further guidance on the extraordinary circumstances route to equitable tolling. The rule from *Stoll* traces back to *Forti v. Suarez-Mason*, 672 F. Supp. 1531, 1549 (N.D. Cal. Oct. 6, 1987) (Judge D. Lowell Jensen), and its adoption by our court of appeals in *Seattle Audubon Society v. Robertson*, 931 F.2d 590, 596 (9th Cir. 1991). In *Seattle Audubon Society*, plaintiffs' claims were equitably tolled when they were prevented from pursuing their claims due to an unconstitutional statutory enactment and the district court's enforcement of such. *Ibid*. The decision relied on the following explanation in *Osbourne v. United States*, 164 F.2d 767, 769 (2d Cir. 1947):

> All statutes of limitations are based on the assumption that one with a good cause of action will not delay in bringing it for an unreasonable period of time; but, when a plaintiff has been denied access to the courts, the basis of the assumption has been destroyed.

3

*Seattle Audubon Society*, 931 F.2d at 596. The decision further recognized that "[e]ven when physical access to a functioning court is possible, equitable tolling may nevertheless be proper if there is no real possibility of gaining relief in court." *Ibid*.

Here, there is a stay in place on Coppernoll's collective action claims preventing him from engaging in class discovery, filing a motion for class certification, or receiving approval to notice this action to putative class members. As such, putative members of the class are unlikely to receive notice of the pendency of this collective action until class proceedings resume — at which point, their claims may be extinguished. Moreover, these putative class members are presumably subject to the same or similar employment agreement Coppernoll signed. As explained in a previous order, the collective action waiver in Coppernoll's employment agreement forced all claims to arbitration, at which point they were only permitted to proceed individually (Dkt. No. 41). Under *Morris*, our court of appeals holds similar waivers unenforceable (*ibid.*). While *Morris* awaits review, however, the enforceability of Hamcor's collective action waiver will not be ruled on, and the waiver may impede or dissuade potential claimants from seeking relief *in court*. Equity thus urges the tolling of the statute of limitations.

Hamcor's attempt to distinguish *Castle* and *Lew* goes no further than highlighting the fact that the decisions are not precedential and the precedent of our court of appeals allegedly provides reason for denying Coppernoll's motion. Hamcor relies on a recitation of the *Seattle Audubon Society* standards in *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (overruled on other grounds), and cites to three decisions denying equitable tolling based on those standards. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1140 (D. Nev. Aug 18, 1999) (Judge Philip Pro); *Veliz v. Cintas Corp*, 2007 WL 841776, at *4 (N.D. Cal. Mar. 20, 2007) (Judge Saundra Armstrong); and *Fichtner v. American Family Mutual Insurance Company*, 2004 WL 3106753, at *10 (D. Or. Mar. 1, 2004) (Judge Michael Hogan). Each is distinguishable.

*Bonilla* found that plaintiffs' scattered locations around the country and inability to speak English did not constitute an extraordinary circumstance justifying tolling. The *Veliz* plaintiffs relied on the defendant's wrongful conduct and presented no extraordinary

4

circumstances in their attempt to justify tolling. *Fichtner* found that the defendant's refusal to provide information on other employees was not the sort of exceptional circumstance justifying equitable tolling and further indicated that the asserted discovery violation lacked merit because plaintiff failed to file a motion to compel. None of these decisions present a situation where an unenforceable contract and a court-ordered stay effectively shut putative class members out of court.

*Alvarez-Machain* did find equitable tolling justified. There, Alvarez-Machain's "life was at stake, and his case involved numerous, complex issues of first impression — several of which were ultimately decided by the United States Supreme Court." *Alvarez-Machain*, 107 F.3d at 701. The decision further noted that "had he filed an administrative claim prior to obtaining an acquittal, many of his claims would have been dismissed because they necessarily implicated the validity of his criminal charges." *Ibid*. Similar to the instant order, our court of appeals justified equitable tolling based on considerations of our Supreme Court's review and the futility of filing claims in the meantime.

Next, Hamcor spent a portion of its brief arguing it did not engage in wrongful conduct that would justify equitable tolling. As noted above, Coppernoll did not claim as much. Nevertheless, Hamcor asserts that it should not be penalized for trying to protect its interests, citing *Owens v. Bethlehem Mines Corp.*, 630 F. Supp. 309, 312 (S.D. W.Va. 1986) (Judge Charles Haden). In the event any damages do result from the stay, they will be minor, as review of *Morris* is slated for our Supreme Court's October 2017 term and a decision is likely to be rendered by December.

Hamcor also argues there is no requirement in the FLSA that a defendant provide contact information for potential plaintiffs until after a collective action is certified and thus, Coppernoll could be prevented from obtaining class discovery regardless. This proposition is supported by *Adedapoidle-Tyehinba v. Crunch LLC*, 2013 WL 4082137, at *7 (N.D. Cal. Aug. 9, 2013) (Judge William Orrick); *Gilberd v. Citigroup, Inc.*, 2009 WL 424320, at *5 (N.D. Cal. Feb. 18, 2009) (Judge Samuel Conti); and *Prentice v. Fund for Public Interest Res– Inc.*, 2007 WL 2729187, at *3 (N.D. Cal. Sep. 18, 2007) (Judge Samuel Conti). *Prentice* recognized that

5

this is not a settled proposition. *Gilberd* and *Adedapoidle-Tyehinba* rely on *Prentice*. As this order does not rely on any such argument, it will not wade further into the issue.

Hamcor additionally argues Coppernoll cannot represent a putative class member's interests until the putative class member files a valid consent, asserting an individual employee cannot become a party to an action under the FLSA unless he or she does so. In support, Hamcor cites *State of Nevada Employees' Association v. Bryan*, 916 F.2d 1384, 1391 (9th Cir. 1990). *SNEA* is inapplicable here — the decision has nothing to do with equitable tolling. Rather, *SNEA* concerns whether an organization may bring FLSA claims on behalf of its members. Our court of appeals held the plaintiff did not have standing under the FLSA, even if its members alleged personal injuries. *Ibid*.

In the same vein, Hamcor argues there is no Article III power to prospectively suspend the statute of limitations for putative collective action members. Presumably because it could not find support in decisions of our court of appeals, Hamcor turns to *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986). As Coppernoll points out, our court of appeals has never applied Hamcor's proposed rule that FLSA claims cannot be prospectively tolled. The clear weight of decisions on the issue from courts in our circuit is in favor of prospectively tolling the statute of limitations for putative class members as equity demands. *Koval v. Pacific Bell Telephone Co.*, 2012 WL 3283428, at *7 (N.D. Cal. Aug. 10, 2012) (Judge Claudia Wilken). *See also Beaupherty v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (Judge Samuel Conti); and *Helton v. Factor 5, Inc.*, 2011 WL 5925078, at *2 (N.D. Cal. Nov. 28, 2011) (Judge Saundra Armstrong).

Here, absent tolling, putative class members with claims on the verge of being extinguished may have no other option but to give up their day in court and arbitrate individually instead. It is imprudent to encourage this result. It is also impractical to encourage the filing of numerous individual claims destined to be drawn through the same motion practice as Coppernoll, only to be stayed, as well, while we wait for a decision on *Morris*. This order, instead, **GRANTS** Coppernoll's motion and equitably tolls the FLSA collective claims until the stay is lifted.

6

\*          \*          \*

It bears stating hat the Court would never have granted the stay requested by Hamcor if it had realized Hamcor would then use the stay to run out the statute of limitations as to potential opt-ins. This maneuver is too slick and too unfair.

## CONCLUSION

For the reasons stated above, Coppernoll's motion for equitable tolling is **GRANTED**. The FLSA collective claims are tolled as of **FEBRUARY 16**, pursuant to the order granting their stay. Upon lifting the stay, the statue of limitations will resume.

**IT IS SO ORDERED.**

Dated: April 27, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE